UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TRACY M.,

                          Plaintiff,

                  v.

KILOLO KIJAKAZI,
Commissioner of Social Security,

                          Defendant.
_____

<u>DECISION AND ORDER</u>

20-CV-6920L

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

       On June 19, 2000, plaintiff filed for supplemental security income benefits. (Dkt. #11 at 123). That application resulted in a favorable decision, which determined that plaintiff was disabled as of June 1, 2000. *Id*.

       On October 18, 2013, the Commissioner determined that plaintiff had experienced medical improvement, and was no longer disabled as of October 1, 2013. Plaintiff exhausted her administrative remedies with respect to that decision, which was ultimately affirmed, and the Appeals Council denied review. (Dkt. #11 at 124).

       On September 29, 2016, plaintiff filed a new application for supplemental security income benefits, alleging disability beginning August 1, 1988 (later amended to September 29, 2016). That application was denied, and plaintiff requested a hearing. A hearing was held May 23, 2019 before

administrative law judge ("ALJ") Stephen C. Fulton. The ALJ issued a decision on July 3, 2019, which determined that plaintiff was not disabled. (Dkt. #8 at 16-31). That decision became the final decision of the Commissioner when the Appeals Council denied review on September 9, 2020. (Dkt. #11 at 1-4). Plaintiff now appeals.

The plaintiff has moved pursuant to Fed. R. Civ. Proc. 12(c) for judgment vacating the ALJ's decision and remanding the matter for further proceedings (Dkt. #12), and the Commissioner has cross moved for judgment dismissing the complaint (Dkt. #13). For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Familiarity with the five-step evaluation process for determining Social Security disability claims is presumed. *See* 20 CFR §404.1520. The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

**I.    The ALJ's Decision**

Plaintiff was born June 23, 1969, and was 47 years old on the alleged onset date, with a limited (tenth grade) education and no past relevant work. (Dkt. #11 at 136). His medical treatment records reflect a history of depression, which the ALJ found to be a severe impairment not meeting or equaling a listed impairment. (Dkt. #11 at 126). The ALJ also noted that plaintiff had hypothyroidism status post thyroidectomy (in 1995), a right arm skin graft, asthma, auditory hallucinations, a history of substance abuse, a tibia fracture in 1981, alleged heart attack, and

possible borderline intellectual functioning, but determined that none of these impairments caused more than minimal, if any, work-related limitations. (Dkt. #11 at 126-27).

Applying the special technique for mental impairments, the ALJ found that plaintiff has a moderate limitation in understanding, applying, and remembering information, a moderate limitation in interacting with others, a moderate limitation in concentration, persistence, and pace, and a moderate limitation in adapting and managing himself. (Dkt. #11 at 128-29).

After reviewing the evidence of record, the ALJ determined that throughout the relevant period, the plaintiff retained the residual functional capacity ("RFC") to perform work at all exertional levels, with the ability to understand and remember simple instructions. He can concentrate for periods of two hours, over an eight-hour workday, on simple tasks. He can interact appropriately with coworkers and supervisors, but should avoid work that requires teamwork or close coordination with coworkers or frequent contact with the general public. Plaintiff can adapt to changes in the work setting. (Dkt. #11 at 130).

When presented with this RFC as a hypothetical at the hearing, vocational expert Estelle Hutchinson testified that such an individual could perform the representative unskilled jobs of cleaner, packaging machine operator, and hand packer. (Dkt. #11 at 290).

The ALJ thus accordingly found plaintiff not disabled. Plaintiff now appeals.

**II.    Constructive or Implied Requests To Reopen**

Plaintiff argues that despite acknowledging plaintiff's successful application for benefits in 2000, and his appeal of the Commissioner's determination in 2013 that he was no longer disabled, the ALJ failed to address plaintiff's "constructive" or "implied" request to reopen the prior claim. Specifically, plaintiff alleges that by listing August 1, 1988 as the alleged onset date for the instant application – a date the ALJ mistakenly stated in his decision had been "amended

[by plaintiff, at the hearing] to the date [plaintiff's] application was filed, September 29, 2016" (Dkt. #11 at 124) – plaintiff was implicitly asking the ALJ to reopen the prior application, and revisit the Commissioner's finding of medical improvement.

According to agency regulations, a request to reopen a prior determination is implied where a claimant "alleges an onset date of disability within a previously adjudicated period…" *See* Social Security Administration Hearings, Appeals and Litigation Law Manual ("HALLEX"), I-2-9-10(B). *See generally* 20 CFR §404.988. In such circumstances, an ALJ will "first determine whether he or she has jurisdiction to reopen and revise the prior determination or decision," before proceeding to decide whether reopening is appropriate. *Id*.

Here, the ALJ appears to have made a significant factual error with respect to plaintiff's "amendment" of the onset date. While the ALJ indicated that plaintiff had "amended his alleged onset date to . . . September 29, 2016," during his testimony "[a]t the hearing," (Dkt. #11 at 124), both parties agree that no such testimony or amendment took place. (Dkt. #11 at 266-96).

As a result of this factual error as to the alleged onset date, the ALJ did not acknowledge the temporal overlap between plaintiff's initial application and the instant one, or engage in any discussion or determination concerning plaintiff's implied request for reopening. Remand for consideration of these matters is necessary.

While the Commissioner correctly argues that this Court lacks jurisdiction to order the reopening of plaintiff's prior claim itself, such arguments miss the mark: remand is appropriate where the ALJ's decision was not supported by substantial evidence, or was the product of legal error. Here, the ALJ's factual errors concerning plaintiff's claimed onset date deprived his findings of substantial evidence by inappropriately altering the period under review, and caused the ALJ to

overlook his obligation to consider whether he could, or should, reopen and revise the Commissioner's prior determination.

Such errors were not harmless, because consideration of plaintiff's claim using an earlier onset date would expand the scope of the relevant record, and a determination that reopening was appropriate, if reached, would necessitate application of an entirely different legal standard – that for "medical improvement." Because the ALJ's decision was blighted by a reversible error which deprived it of substantial support, remand is necessary.

Having determined that remand is appropriate to assess plaintiff's implied request for reopening of his prior claim, the Court declines to address the remainder of plaintiff's arguments, which challenge the ALJ's completion of the record, and the ALJ's consideration of the medical opinion evidence therein.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to vacate the ALJ's decision and remand this matter (Dkt. #12) is granted, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #13) is denied. The matter is remanded for additional proceedings, to include determination of the correct date of disability onset for purposes of the instant application, and findings, as relevant, concerning plaintiff's implied request for reopening.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 20, 2022.